

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2002

# USA v. Andeliz

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2901

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation
"USA v. Andeliz" (2002). *2002 Decisions.* Paper 348.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/348

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2901
_____


UNITED STATES OF AMERICA

vs.

ARCADIO ANDELIZ

Appellant

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Criminal No. 00-cr-00438)
District Judge:  The Honorable Joseph E. Irenas

_____


Submitted Under Third Circuit LAR 34.1(a)
June 6, 2002


BEFORE: SLOVITER, NYGAARD, and BARRY, Circuit Judges.


(Filed: June 11, 2002)

_____

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

Appellant, Arcadio Andeliz, was convicted by a jury of one count of knowingly and willfully receiving and possessing stolen property, in violation of 18 U.S.C.  659, and two counts of knowingly and willfully receiving and possessing stolen merchandise having a value in excess of $5,000 and which crossed a state boundary, in violation of 18 U.S.C.  2315.  At sentencing, the District Court applied a four-level enhancement because Andeliz was in the business of receiving and selling stolen property.  This enhancement resulted in an adjusted offense level of 16 which, combined with a criminal history category of I, gave him a Sentencing Guideline Range of 18-24 months.  The District Court imposed an 18-month sentence for each count, to be served concurrently.  Andeliz appeals raising the issues shown under Section I below, which have been taken verbatim from his brief.  We will affirm.

## I. ISSUES

1.    Under U.S.S.G. 2B1.1(b)(4)(B), whether the District Court abused its discretion and erred as a matter of law in sentencing the defendant to eighteen months incarceration when the Court ruled that the defendant would be sentenced as "being in the business of selling stolen goods."

2.    Under Apprendi, whether the sentencing factor outlined in U.S.S.G. 2B1.2 was an element of the crime, subject to determination beyond reasonable doubt by the jury when the defendant received a sentence in excess of the statutory maximum penalty.

3.    Under Fed. R. Evid. 404B, whether the evidence of past wrongdoings was not related to the material issue, was not proved by clear and convincing evidence, and its prejudicial value outweighed its probative value.

## II. DISCUSSION

The history of this case is well known to counsel, the parties, and the Court. Inasmuch as we are writing a non-precedential opinion and only for the parties herein, we see no need to recapitulate either the extensive facts upon which Andeliz was convicted, or the procedure that preceded the conviction and sentencing therein.

With respect to the first issue raised by the appellant, we conclude that the District Court properly applied the enhancement in U.S.S.G. 2B1.1(b)(4)(B). It is clear from the record that Andeliz was engaged in the business of receiving and selling stolen property. Andeliz was caught with a substantial amount of stolen goods. His fencing operation was also conducted with sufficient regularity to support a finding that he was in the business of receiving stolen property.

We likewise conclude that the District Court properly rejected Andeliz's claim raised at sentencing, that, under Apprendi v. New Jersey, 530 U.S. 466 (2000), it was necessary that the jury, not the sentencing court, have found the facts that established the loss amount, and that Andeliz was in the business of receiving stolen property. Andeliz's 18 month sentence was well below the ten year statutory maximum sentence for either of the offenses of conviction--Apprendi simply does not apply.

Finally, there is likewise no merit in appellant's third issue, and we conclude that the District Court properly exercised its discretion by admitting evidence, pursuant to Fed. R. Evid. 404(b), of Andeliz's uncharged possession of $24,000 worth of stolen Walmart merchandise. This evidence was used to prove an element of the charged crimes  that Andeliz knew that the Sam's Club merchandise in his possession had been stolen. As the District Court instructed the jury, the evidence was admitted to prove Andeliz's guilty knowledge, and not to show his criminal propensity. Where, as here, the appellant vigorously disputes the government's allegation that he knew that the goods he received were stolen, the District Court has the discretion to admit evidence of other instances in which the defendant possessed stolen property to prove that knowledge. That evidence was properly admitted here.

## III. CONCLUSION

In sum, and for the foregoing reasons, we will affirm the judgment of the District Court entered on July 10, 2001.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard

Circuit Judge